IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

LORRAINE M. PADAVAN,

    Plaintiff,

vs.                                   Case No.  3:25-cv-00034-TKW-HTC

LINDA L. NAUGLE, individually, and
as TRUSTEE OF THE LEONARD J.
PADAVAN and LINDA L. NAUGLE
REVOCABLE TRUST,

    Defendants.
_____/

## DEFENDANTS' RULE 12(B)6 MOTION TO DISMISS COUNT I
## FOR FAILURE TO STATE A CLAIM

Defendants, LINDA L. NAUGLE, individually, and as TRUSTEE OF THE LEONARD J. PADAVAN and LINDA L. NAUGLE REVOCABLE TRUST, hereby responds to the Complaint as follows:

Count I fails to state a cause of action on which relief may be granted because it does not allege the factual predicate to invoke the Constitutional provision it asserts.  Count I seeks to invalidate the transfer of Mr. Padavan's homestead property to a Trust for himself and the Defendants.  The claim is that despite Plaintiff, a resident and citizen of Delaware, being separated and living apart from her nominal decedent husband did not join the transfer, that it is ineffective as to her claim of homestead right in the property, citing Florida

Constitutional Article X, Section 4. As a matter of law on the facts in issue, Plaintiff has not established the predicate to assert such homestead rights, and her claim must be dismissed.

The *Complaint* does not allege that the decedent's solely-owned Florida homestead was at the time – or ever – a marital homestead as a harmonious family unit with his estranged spouse, the Plaintiff, or that she ever lived there to establish such rights. Without such allegations as to the residence in question, the claim fails as a matter of law.

Count I must be dismissed pursuant to Rule 12(b)6 Fed. R. Civ. P.

### *Memorandum in Support*

In "Florida, the homestead provision is in place to protect and preserve the interest of the family in the family home." *Snyder v. Davis*, 699 So. 2d 999, 1002 (Fla. 1997). Together with its companion tax protection provisions elsewhere in the Constitution, the nature and purpose of Florida homestead qualifying for these protections are unitary and construed together. *Id*. See also, *Law v. Law*, 738 So. 2d 522, 524 (Fla. 4th DCA 1999) ("Historically, the purpose of the homestead provision was to protect the family, to "provide it a refuge from the stresses and strains of misfortune.") quoting *Collins v. Collins*, 150 Fla. 374, 7 So. 2d 443, 444 (1942); *City Nat'l Bank v. Tescher*, 578 So. 2d 701, 702 (Fla. 1991).

In *Law,* the Court considered whether spouses who were technically still married but in a bona fide separation, living apart in separate households, still had homestead rights apart from the other; the Court concluded that their homestead rights were tied to their residence, and that they had separate homestead. *Law*, 738 So. 2d at 525. In reaching this ruling the Court found that homestead rights did not depend on legal title, but rather the rights of homestead in Article 10, section 4 of the Florida Constitution are "limited to the residence of the owner" or the owner's family. It requires "actual occupancy of a home with intention to remain there." *Law*. at 524; citing *In re Van Meter's Estate*, 214 So. 2d 639, 643 (Fla. 2d DCA 1968) *see also Croker v. Croker*, 51 F.2d 11 (5th Cir. 1931). Where "the husband and wife have established two separate permanent residences in good faith and have no financial connection with and do not provide benefits, income, or support to each other, each may" possess separate rights of homestead. *Wells v. Haldeos*, 48 So. 3d 85, 88 (Fla. 2d DCA 2010).

Given the good fortune of winning a lottery, the proceeds that both the Plaintiff and the decedent enjoyed, they evidently then established separate lives apart from one another. *Complaint*, Doc. 001 ¶¶9, 12. Cf. *In re Estate of Boyd*, 519 So. 2d 692, 694 (Fla. 4th DCA 1988) ("The historical purpose of the homestead provision was to protect those legally dependent on the decedent because of a family relationship."). *Lyons v. Lyons*, 155 So. 3d 1179, 1181 (Fla. 4th DCA

2014). The alleged facts make clear that Plaintiff and decedent had plainly established separate lives not dependent on one another. In conjunction, they also carefully segregated their assets and their respective dispositions for pecuniary advantage (as opposed to joint treatment or by entireties). *Id*. at ¶¶ 11, 42-45.

There is no allegation that the Plaintiff ever occupied the Florida home of the decedent and intended to remain there, nor was she dependent on decedent in an intact marriage. Thus, she has not lawfully established that her protection under homestead was ever vested in the Florida property solely owned and acquired by her nominal husband in their separation. *Id.*, Doc. 001 ¶¶12, 40-41. Indeed, Plaintiff is not a resident of Florida and lives in Delaware. *Id*., at ¶1. The decedent Florida resident and homestead owner would only visit her there on certain occasions. *Id*. at ¶13, 27, 29.

The *Law* Court ruled that a single spouse living in bona fide marital separation "cannot have two homesteads." *Id.* 525 (Fla. 4th DCA 1999). The *Law* court further ruled that "a husband and wife in an intact marriage cannot have two homesteads." *Id*. However, where their separation was bona fide, and it was [the husband's] intent to reside in the [separate] home," there was no constitutional reason that his "homestead could not be different from the homestead of his wife." *Id. See also Judd v. Schooley*, 158 So. 2d 514, 517 (Fla. 1963) (holding that the

4

wife could claim a permanent home in Florida and receive a homestead exemption even though her husband was legally domiciled in another state).

Plaintiff's claim in Count I is unsupported by the necessary allegations predicating a homestead interest under Florida law.  Plaintiff cannot have homestead rights to the solely owned property of her estranged and separated husband in Florida, where she does not reside, in a house where she has not lived, and had no intent to remain with him in an intact marriage while he lived.  She has no lawful Florida homestead interests to assert in that residence.

Count I must be therefore dismissed as failing to state a claim on which relief may be granted under Rule 12(b)6) Fed. R. Civ. P.

### *Defendants' Rule 12(f) Motion to Strike ¶¶67, 33 and the Title of Section VI of the Complaint as Immaterial, Impertinent, and Scandalous*

Every cause of action brought by Plaintiff is aimed at obtaining property or assets that the decedent conferred on Defendants because of his love and affection for her in his latter years, while his estranged Plaintiff wife was certainly well-provided for in every other respect (*Complaint,* Doc. 001 ¶¶ 9,11 & 35).  No tort claim for the decedent's death or other injury is made, nor could there be given the Defendants - not the Plaintiff - who cared for and attended to the decedent's needs in his waning years in Florida from 2023 (*Id.* ¶ 28), and during his final illness and

5

death in late 2024 (*Id*. ¶¶66-72) - unlike the Plaintiff, his estranged spouse, who plainly lived apart from him in Delaware (¶12-13, 27 & 29).

Notwithstanding the nakedly pecuniary nature of Plaintiff's claims, ¶¶67, 33 and the title of Section VI of the Complaint indulge an immaterial, impertinent, and scandalous accusation that Defendants intentionally and calculatedly sought the decedent's harm to "hasten his death." Such false and opprobrious allegations are morally offensive and violate the pleadings Rules of this Court.

They are in no way material to the purely legal and pecuniary claims at issue. They are furthermore impertinent to establish any ancillary facts in issue under the material allegations of the claims. Lastly, they are scandalous in imputing an intent to do harm that is neither material to any claim and abuses the privilege of the Court's process to falsely impugn the Defendants' character and reputation without due remedy for the offense.

These allegations must and should be stricken pursuant to Rule 12(f) Fed. R. Civ. P.

                                            Respectfully submitted,

                                            /s/ *George R. Mead, II*
                                            GEORGE R. MEAD, II
                                            Florida Bar No. 096490
                                            SAMANTHA M. FOLKES
                                            Florida Bar No. 1031251
                                            MOORE, HILL & WESTMORELAND
                                            350 West Cedar Street, Suite 100
                                            Post Office Box 13290

Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
*emead@mhw-law.com*
*sfolkes@mhw-law.com*
*hmalone@mhw-law.com*
*Counsel for Defendants*

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to Northern District, Local Rule 7.1(B), the undersigned counsel did confer by telephone with John Adams, Esquire, counsel for the Plaintiff, Lorraine M. Padavan, on February 25, 2025, regarding the relief sought in Defendants' Motion to Dismiss and can represent to the Court that Plaintiff objects to the relief.

## CERTIFICATE OF SERVICE

On February 25, 2025, I electronically filed this document through the ECF system, which will send a notice of electronic filing to John H. Adams and all other parties of record who have consented to electronic service and appeared in this matter.

/s/ *George R. Mead, II*
GEORGE R. MEAD, II