IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

LORRAINE M. PADAVAN,

    Plaintiff,

vs.                                    Case No. 3:25-cv-00034-TKW-HTC

LINDA L. NAUGLE, individually, and
as TRUSTEE OF THE LEONARD J.
PADAVAN and LINDA L. NAUGLE
REVOCABLE TRUST,

    Defendants.
_____/

**DEFENDANT'S RULE 12(F) MOTION TO STRIKE
¶¶67, 33 AND THE TITLE OF SECTION VI OF THE COMPLAINT
AS IMMATERIAL, IMPERTINENT, AND SCANDALOUS**

Defendant, LINDA L. NAUGLE, individually, and as TRUSTEE OF THE LEONARD J. PADAVAN and LINDA L. NAUGLE REVOCABLE TRUST, hereby moves as follows:

The allegations of ¶¶67, 33 and the Title of Section VI of the Complaint are immaterial, impertinent, and scandalous, and due to be and should be stricken by the Court pursuant to Rule 12(f) Fed. R. Civ. P.

*Memorandum in Support*

Every cause of action brought by Plaintiff is aimed at obtaining property or assets that the decedent conferred on Defendants because of his love and affection for her in his latter years, while his estranged wife (Plaintiff) was certainly well-

provided for in every other respect (*Complaint,* Doc. 001 ¶¶ 9,11 & 35).  No tort claim for the decedent's death or other injury is made, nor could there be given the Defendants - not the Plaintiff - who cared for and attended to the decedent's needs in his waning years in Florida from 2023, and during his final illness and death in late 2024 (*Id*. ¶¶66-72) - unlike the Plaintiff, his estranged spouse, who plainly lived apart from him in Delaware (¶12-13, 27 & 29).

Notwithstanding the nakedly pecuniary nature of Plaintiff's claims, ¶¶67, 33 and the title of Section VI of the Complaint (p. 11) indulge an immaterial, impertinent, and scandalous accusation that Defendant intentionally and calculatedly sought the decedent's harm to "hasten his death."  Such false and opprobrious allegations are morally offensive and violate the pleadings Rules of this Court.

They are in no way material to the purely legal and pecuniary claims at issue.  They are furthermore impertinent to establish any ancillary facts in issue under the material allegations of the claims.  Lastly, they are scandalous in imputing an intent to do harm that is neither material to any claim and abuses the privilege of the Court's process to falsely impugn the Defendant's character and reputation without due remedy for the offense.

These allegations must and should be stricken pursuant to Rule 12(f) Fed. R. Civ. P.

Respectfully submitted,

/s/ *George R. Mead, II*
GEORGE R. MEAD, II
Florida Bar No. 096490
SAMANTHA M. FOLKES
Florida Bar No. 1031251
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
*emead@mhw-law.com*
*sfolkes@mhw-law.com*
*hmalone@mhw-law.com*
*Counsel for Defendant*

## CERTIFICATE OF COUNSEL CONFERENCE

Pursuant to Northern District, Local Rule 7.1(B), the undersigned counsel did confer by telephone with John Adams, Esquire, counsel for the Plaintiff, Lorraine M. Padavan, on February 25, 2025, regarding the relief sought in Defendant's Motion to Strike and can represent to the Court that Plaintiff objects to the relief.

## CERTIFICATE OF SERVICE

On February 25, 2025, I electronically filed this document through the ECF system, which will send a notice of electronic filing to John H. Adams and all other

parties of record who have consented to electronic service and appeared in this matter.

                                        /s/ *George R. Mead, II*
                                        GEORGE R. MEAD, II