IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

LORRAINE M. PADAVAN,

     Plaintiff,

vs.                         Case No.  3:25-cv-00034-TKW-HTC

LINDA L. NAUGLE, individually, and
as TRUSTEE OF THE LEONARD J.
PADAVAN and LINDA L. NAUGLE
REVOCABLE TRUST,

     Defendants.

_____/

## RESPONSE TO COMPLAINT

Subject to the separately filed Motion to dismiss Count I and Motion to Strike certain allegations, the Defendants answer the allegations of the remaining claims as follows:

## ANSWER

### I.    The Parties, Jurisdiction and Venue

1.    Defendants state the allegations in this paragraph constitute legal conclusions that do not require a response.  To the extent further answer is required, Defendants lack information sufficient to admit or deny the allegations of this paragraph.

2.     Defendants state the allegations in this paragraph constitute legal conclusions that do not require a response.  To the extent further answer is required, this paragraph is admitted for jurisdictional purposes only.

3.     Defendants state the allegations in this paragraph constitute legal conclusions that do not require a response.  To the extent further answer is required, the referenced Trust document speaks for itself.  Otherwise, this paragraph is admitted for jurisdictional purposes only.

4.     Defendants lack information sufficient to admit or deny the allegations. To the extent further answer is required, Defendants deny the allegations of this paragraph.

5.     Defendants state that this paragraph contains legal conclusions to which no response is required.  Defendants lack information sufficient to admit or deny the allegations.   To the extent further answer is required, Defendants deny the allegations of this paragraph.

6.     Defendants state that this paragraph contains legal conclusions to which no response is required.  Defendants deny all other allegations of this paragraph.

## II.   <u>The Padavan's marriage, residence, lottery winnings and estate planning</u>

7.     Defendants state that the original certificate of marriage speaks for itself. Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the document and admit those that are consistent with the same.

8.      Defendants lack information sufficient to admit or deny the allegations. To the extent further answer is required, Defendants deny the allegations of this paragraph.

9.      Defendants deny the allegations of this paragraph as stated. Upon information and belief, Mr. Padavan won the New York State Lottery and made the decision to split the earnings with Mrs. Padavan.

10.     Defendants lack information sufficient to admit or deny the allegations. To the extent further answer is required, Defendants deny the allegations of this paragraph.

11.     Defendants lack information sufficient to admit or deny the allegations in this paragraph. To the extent further answer is required, Defendants deny the allegations of this paragraph.

12.     Defendants state that Mr. Padavan's Florida driver's license speaks for itself.  Notwithstanding, the Defendants deny that Mr. Padavan moved to Florida in June 2021. Upon information and belief, Mr. Padavan visited Mrs. Padavan in Florida in June 2021, as Mrs. Padavan was living in Pensacola, Florida at that time. Mr. Padavan still maintained his home in New York, and returned to New York. Mr. Padavan bought his home in Pensacola, Florida in December 2021 while still maintaining his residence in New York. Mr. Padavan permanently moved to Florida sometime after his open heart surgery, which was performed in New York in 2022.

13.     Defendants admit the allegations in this paragraph.

### III.     Mr. Padavan's significant health issues

14.     Defendants admit that Mr. Padavan experienced health issues during his lifetime, including issues with his Kidney. Defendants deny all other allegations in this paragraph.

15.     Defendants admit that Mr. Padavan was in kidney failure and successfully underwent kidney transplant in September, 2019.

16.     Defendants admit that Mr. Padavan was experiencing kidney failure when he met Ms. Naugle in September, 2021.   Defendants lack information sufficient to admit or deny the remaining allegations set forth in this paragraph.

17.     Defendants deny the allegations in this paragraph.

18.     Defendants deny the allegations in this paragraph.

19.     Defendants deny the allegations as stated. Upon information and belief, Mr. Padavan started dialysis for the second time in 2021 in the state of New York and continued this treatment when he moved to Florida. Defendants admit to the remaining allegations of this paragraph.

20.     Defendants admit that Mr. Padavan's weight did fluctuate during dialysis treatment.  Defendants deny all other allegations in this paragraph.

21.     Defendants deny the allegations in this paragraph.

22.     Defendants deny the allegations in this paragraph.

23.     Defendants deny the allegations in this paragraph. Until his death, Mr. Padavan was properly cared for by Ms. Naugle in their home in Pensacola, Florida. Mrs. Padavan since May 2023 until Mr. Padavan's death resided and remained in Delaware at all times.

24.     Defendants deny that Mr. Padavan was required to use a walker, his use of a walker was as needed at least up until August 2024. Defendants deny the remaining allegations in this paragraph.

25.     Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph. To the extent further answer is required, Defendants deny the allegations of this paragraph.

26.     Defendants lack information sufficient to admit or deny the allegations in this paragraph. To the extent further answer is required, Defendants deny the allegations of this paragraph.

27.     Defendants lack information sufficient to admit or deny the remaining allegations in this paragraph. To the extent further answer is required, Ms. Naugle maintained communication with Mr. Padavan during this trip and denies the allegations of this paragraph.

28.     Defendants deny the allegations as set forth in this paragraph. Ms. Naugle first met Mr. Padavan in September 2021. Ms. Naugle first moved to Pensacola to live with Mr. Padavan in early 2023 until April 2023 when she moved

back to New York. She moved back to Pensacola, Florida to live with Mr. Padavan in November 2023 upon the request of Mr. Padavan and to provide care for Mr. Padavan who was residing alone.

29.    Defendants admit that Mr. Padavan travelled to Delaware in December 2023 to visit Mrs. Padavan, all other allegations in this paragraph are denied.

30.    Defendants admit the allegations in this paragraph.

31.    Defendants admit that Mr. Padavan experienced a few falls, but his most medically serious falls occurred late in 2024. Defendants deny the remaining allegations as set forth in this paragraph. Mr. Padavan continued to drive until August 2024.

32.    Defendants deny all the allegations as set forth in this paragraph. Mr. Padavan maintained control of his cell phone and acceptance and/or denial of any incoming or outgoing communication on said device.

### IV.    Mr. Padavan's relationship with Linda Naugle

33.    Defendants deny all the allegations in this paragraph, and this allegation is subject to a separate Motion to Strike. Mr. Padavan and Ms. Naugle developed an initially platonic relationship together which over the years flourished into them building a life together. Ms. Naugle came to live with Mr. Padavan, to provide support as he was living alone and Mrs. Padavan had moved to another state.

6

34.    Defendants admit that Ms. Naugle met Mr. Padavan in September 2021. She further admits that she maintained a camper in the community the Padavans then lived which she visited on weekends during the summer months. Defendants deny all remaining allegations in this paragraph. Ms. Naugle was unfamiliar with the community affairs of the Padavans' community, her primary residence was in Syracuse, NY approximately 40 minutes away from the Padavans' community.

35.    Defendants deny all the allegations in this paragraph.

36.    Defendants admit that she and Mr. Padavan were legally married at the time their relationship started. Mrs. Padavan and Mr. Padavan were separated and lived separately since approximately May 2021. Ms. Naugle and her husband were also separated.

37.    Defendants admit that Ms. Naugle is legally married. Defendants deny all remaining allegations as set forth in this paragraph. Ms. Naugle travelled to New York every few weeks to receive medical treatment that is not offered/ available to her in the state of Florida. During her travels Mr. Padavan was capable of caring for himself.

38.    Defendants deny the allegations in this paragraph.

39.    Defendants deny the allegations in this paragraph. Mr. Padavan spent Christmas 2023 with Mrs. Padavan, all other allegations are denied.

## V.    Mr. Padavan's Assets

40.    Defendants state that the Deed speaks for itself.  Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the Deed and admit those that are consistent with the same.

41.    Defendants state that this paragraph contains legal conclusions to which no response is required.  To the extent further answer is required, Defendants deny the allegations of this paragraph that contradicts with the referenced Deed.

42.    Defendants admit to the allegations in this paragraph.

43.    Defendants admit that Mr. Padavan maintained an investment account with Ameriprise and became aware of its value when she was added as a beneficiary on the account by Mr. Padavan.  Defendants lack information sufficient to admit or deny the remaining allegations.  To the extent further answer is required, Defendants deny the allegations of this paragraph.

44.    Defendants admit that Mr. Padavan maintained accounts at the Navy Federal Credit Union and became aware of its value when she was added as a beneficiary on the accounts by Mr. Padavan.  Defendants lack information sufficient to admit or deny the remaining allegations.  To the extent further answer is required, Defendants deny the allegations of this paragraph.

45.    Defendants admit that Mr. Padavan maintained an account at M&T Bank.  Defendants lack information sufficient to admit or deny the remaining

allegations. To the extent further answer is required, Defendants deny the allegations of this paragraph.

### VI.  Linda Naugle's absconding with Mr. Padavan's assets and hastening Mr. Padavan's death.

46.    Defendants that Mr. Padavan was experiencing kidney failure. Defendants deny the remaining allegations in this paragraph.

47.    Defendants admit that Mr. Padavan was not driving after August 2024 due to his most recent fall. Ms. Naugle and/or home nurse transported him to all his appointments thereafter. All other allegations are denied.

48.    Defendants deny the allegations in this paragraph.

49.    Defendants admit that Mr. Padavan was not allowed to drive in August 2024 due to his fall. Defendants deny the allegations as set forth in this paragraph. Mr. Padavan discussed changes to his estate planning as early as June 2024.

50.    Defendants deny the allegations in this paragraph. Mrs. Padavan was aware Mr. Padavan was speaking with attorneys regarding changes to his estate planning. Attorney Brightwell was also aware Mr. Padavan was married as evident in the documents executed.

51.    Defendants state that the referenced documents speak for themselves. Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the documents and admit those that are consistent with the same. Defendants deny all remaining allegations in this paragraph.

52.    Defendants state that the referenced deed and Trust speaks for themselves.  Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the document and admit those that are consistent with the same.  Defendants deny all other allegations in this paragraph.

53.    Defendants deny the allegations in this paragraph.

54.    Defendants deny the allegations in this paragraph.

55.    Defendants deny the allegations in this paragraph.

56.    Defendants deny the allegations in this paragraph.

57.    Defendants admit that Mrs. Padavan received a call that Mr. Padavan did not show for his dialysis appointment.  Defendants deny all other allegations in this paragraph.

58.    Defendants lack information sufficient to admit or deny the allegations in this paragraph as to Mrs. Padavan's state of mind and actions.  Defendants deny the remaining allegations of this paragraph.

59.    Defendants admit that she was in New York at the time, for her routine medical treatment. Defendants lack sufficient information to admit or deny the allegations in this paragraph as to Mrs. Padavan's actions.   Notwithstanding, Ms. Naugle called Kevin, the landscaper, to check on Mr. Padavan and he was given the security code to access the home.  All other allegations are denied.

60.    Defendants admit the allegations in this paragraph.

61.    Defendants admit that an ambulance arrived at the home for Mr. Padavan.  Defendants lack information sufficient to admit or deny the remaining allegations.

62.    Defendants lack information sufficient to admit or deny the allegations in this paragraph.

63.    Defendants deny the allegations in this paragraph.

64.    Defendants deny the allegations in this paragraph.

65.    Defendants deny the allegations in this paragraph.

66.    Defendants state that the referenced health care surrogate document speaks for itself.  Defendants deny the allegations in this paragraph.

67.    Defendants deny the allegations in this paragraph and this allegation is subject to a separate Motion to Strike.  Notwithstanding, Kevin, the landscaper, was introduced to Mr. Padavan by Mrs. Padavan when she resided in Pensacola, Florida. Defendants deny the allegation of a plan and scheme.

68.    Defendants deny the allegations in this paragraph.

69.    Defendants deny the allegations in this paragraph.

70.    Defendants lack information sufficient to admit or deny the allegations in this paragraph.

71.    Defendants lack information sufficient to admit or deny the allegations in this paragraph.

72.    Defendants deny the allegations as set forth in this paragraph. Mr. Padavan was hospitalized on November 15, 2024 after a fall while in the care of a home aid nurse. Ms. Naugle was in Virginia visiting her Father who was ill.

73.    Defendants admit the allegations in this paragraph.

74.    Defendants deny the allegations in this paragraph.

75.    Defendants admit that Ms. Naugle informed Mrs. Padavan of Mrs. Padavan's death shortly thereafter. Defendants deny the remaining allegations in this paragraph. Notwithstanding, on November 18, 2024, Mrs. Padavan called the Escambia county sheriff's office requesting a welfare check on Mr. Padavan alleging Mr. Padavan's whereabout were unknown and the neighbor had not seen him for a few days. The police entered and searched Ms. Naugle's home in search of Mr. Padavan, who had died two days prior, of which Mrs. Padavan had been informed.

76.    Defendants state that Mr. Padavan's Certification Of Death speaks for itself. Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the documents and admit those that are consistent with the same. Defendants deny all remaining allegations in this paragraph.

77.    Defendants admit the allegations in this paragraph. Mr. & Mrs. Padavan were legally married but separated and maintained separate residence since at least May 2021. Mrs. Padavan had also initiation divorce process in October 2024 by

12

sending divorce documents and separation agreement for Mr. Padavan's review and approval.

78.    Defendants state that the referenced documents speak for themselves. Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the documents and admit those that are consistent with the same. Defendants deny the remaining allegations in this paragraph.

79.    Defendants state that the referenced document speaks for itself. Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the documents and admit those that are consistent with the same. Defendants deny the allegations in this paragraph.

**Count I- Cancellation Of Void Deed Purporting To Transfer Homestead**

80-87.

***This Count is subject to a separately filed Motion to Dismiss for failure to state a claim.***

**Count II- Cancellation Of Exhibit "E" Homestead Deed
For Undue Influence Exerted By Ms. Naugle**

88.    Defendants state that this paragraph contains Plaintiff's request for relief to which a response is not required.

89.    Defendants incorporate by reference their responses to all of the allegations in preceding paragraphs one through seventy-nine as if fully set forth herein.

90.    Defendant state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations in this paragraph.

91.    Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

92.    Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

93.    Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

94.    Defendants deny the allegations in this paragraph.

## **Count IV- Unlawful Detainer[1]**

95.    Defendants state that this paragraph contains Plaintiff's request for relief to which a response is not required.

---

[1]Referenced as Count IV in the Plaintiff's Complaint due to scrivener's error.

96.    Defendants incorporate by reference her responses to all of the allegations in preceding paragraphs one through seventy-nine as if fully set forth herein.

97.    Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

98.    Defendants admit to the allegation in this paragraph. Notwithstanding, Mr. Padavan intended for the Property to become Ms. Naugle permanent place of residence.

99.    Defendants admit to the allegations in this paragraph.

100.    Defendants state that the Deed and Trust speak for themselves. Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the document and admit those that are consistent with the same.

101.    Defendants state that the Deed speaks for itself.  Defendants deny the allegations of this paragraph that are inconsistent with or are unsupported by the document and admit those that are consistent with the same.  Notwithstanding, the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

102.    Defendants deny the allegations in this paragraph.

103.   Defendants admit to the allegations in this paragraph.  Notwithstanding, Ms. Naugle right to reside and possess the property is outlined in the Trust.

104.   Defendants admit that she maintains possession of the Property pursuant to the Trust. Defendants deny the remaining allegations.

105.   Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

The Defendants state that Plaintiff's prayer for relief is not a factual allegation that requires a response, and otherwise demands the same.

## Count V-Ejectment

106.   Defendants incorporate by reference her responses to all of the allegations in preceding paragraphs one through seventy-nine as if fully set forth herein.

107.   Defendants state that this paragraph contains Plaintiff's request for relief to which a response is not required.

108.   Defendants admit that Ms. Naugle is in possession of the Property. Defendants deny the remaining allegations in this paragraph.

109.   Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

16

110.  Defendants deny the allegations in this paragraph as alleged. Ms. Naugle is the rightful owner of the Property per the Trust.

The Defendants state that Plaintiff's prayer for relief is not a factual allegation that requires a response, and otherwise demands the same.

## Count VI- Cancellation Of Beneficiary Designation

111.  Defendants incorporate by reference their responses to all of the allegations in preceding paragraphs one through seventy-nine as if fully set forth herein.

112.  Defendants state that this paragraph contains Plaintiff's request for relief to which a response is not required.

113.  Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

114.  Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

115.  Defendants deny the allegations in this paragraph.

116.  Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

117.   Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

118.   Defendants deny the allegations in this paragraph.

119.   Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

120.   Defendants state that the allegations in this paragraph constitute legal conclusions to which no response is required.  To the extent any further answer is required, Defendants deny any remaining allegations of this paragraph.

121.   Defendants state that this paragraph contains Plaintiff's request for relief to which a response is not required.

The Defendants state that Plaintiff's prayer for relief is not a factual allegation that requires a response, and otherwise demands the same.

## JURY DEMAND

Defendants are entitled to and hereby demand the right to a trial by jury.

## AFFIRMATIVE DEFENSES

Defendants' investigation in this matter is continuing.  The Defendants assert the following Affirmative Defenses based upon the limited information available

and reserves the right to supplement these affirmative defenses as more information is revealed in discovery.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff expressed and intent to waive any claims to Mr. Padavan's Pensacola home and financial assets as evidenced in her drafted separation agreement to Mr. Padavan in October 2024. This further confirms Mr. Padavan's intention to dispose of his assets to third party other than Mrs. Padavan.

## THIRD AFFIRMATIVE DEFENSE

Mr. Padavan's Last will and Testament and Trust documents dated August 12, 2024 were properly executed with all necessary legal formalities, including witnesses and proper signing procedures.

## FOURTH AFFIRMATIVE DEFENSE

There is a legal presumption of testamentary capacity in the execution of a will, creation of a trust and designation of beneficiaries.

## FIFTH AFFIRMATIVE DEFENSE

There is no intent to deceive. Ms. Naugle did not mislead Mr. Padavan as to the contents of his executed Will, Trust and the assets they dispose. Mr. Padavan

executed the referenced document through the necessary legal procedures on his own accord, and after advice of counsel.

SIXTH AFFIRMATIVE DEFENSE

Mr. & Mrs. Padavan intended to waive Florida homestead exemption as it relates to property located at 750 Halcyon Circle, Pensacola, Florida 32506, evidenced through the Trust document, Mr. Padavan's Last Will and testament and Mrs. Padavan's proposed separation agreement in the pending divorce.

Respectfully submitted,

/s/ *George R. Mead, II*
GEORGE R. MEAD, II
Florida Bar No. 096490
SAMANTHA M. FOLKES
Florida Bar No. 1031251
MOORE, HILL & WESTMORELAND
350 West Cedar Street, Suite 100
Post Office Box 13290
Pensacola, FL 32591-3290
(850) 434-3541
(850) 435-7899 (fax)
*emead@mhw-law.com*
*sfolkes@mhw-law.com*
*hmalone@mhw-law.com*
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

On February 25, 2025, I electronically filed this document through the ECF system, which will send a notice of electronic filing to John H. Adams and all other

parties of record who have consented to electronic service and appeared in this matter.

/s/ *George R. Mead, II*
GEORGE R. MEAD, II