UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LORRAINE M. PADAVAN,**

    **Plaintiff**,

v.

                                              **Case No. 3:25cv34-TKW-HTC**

**LINDA L. NAUGLE**, individually,
and as Trustee of the Leonard J.
Padavan and Linda L. Naugle
Revocable Trust**,**

    **Defendant**.
_____/

### **ORDER DENYING MOTION TO DISMISS**

This case is before the Court based on Defendant's motion to dismiss Count I of the complaint (Doc. 11).[1]  No response is needed.

Plaintiff is the surviving spouse of Leonard J. Padavan (the decedent).  She and the decedent had "carefully draft[ed] estate planning documents" pursuant to which the decedent's property was to transfer to Plaintiff and a "credit shelter trust" for the benefit of Plaintiff and the decedent's children upon his death.  That did not happen because, according to the complaint, Defendant used undue influence,

---

[1] Defendant also filed a motion to strike certain "immaterial, impertinent, and scandalous" allegations from the complaint.  *See* Doc. 12.  The Court will rule on that motion in due course, after considering Plaintiff's response.

coercion, and fraud to change the pay-on-death beneficiary on the decedent's investment accounts to her; to transfer the decedent's homestead property into a trust controlled by her and for which she was presumably a beneficiary; and to drain the decedent's bank account.

Plaintiff filed a six-count complaint against Defendant, individually and in her capacity as the trustee of the trust to which the decedent's homestead property was transferred. Count I of the complaint seeks cancellation of the deed transferring the homestead property to the trust because the decedent's spouse, Plaintiff, did not join the deed as required by article X, section 4(c) of the Florida Constitution.[2] Defendant argues that Count I fails to state a claim on which relief can be granted because the decedent and Plaintiff never lived together as a family unit in the homestead property and, thus, article X, section 4(c) did not prohibit the decedent from unilaterally transferring the homestead property to her as trustee.

Defendant's argument is foreclosed by the Florida Supreme Court's decision in *In re Estate of Scholtz*, 543 So. 2d 219 (Fla. 1989),[3] which expressly rejected the

---

[2] Article X, section (4)(c) provides: "The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be as provided by law."

[3] Counsel for Defendant is admonished for not even acknowledging this contrary authority in the motion to dismiss.

2

argument that the constitutional prohibition against the devise of homestead property to someone other than the decedent's surviving spouse does not apply when the decedent and the spouse did not reside together at the property as a family. Indeed, the circumstances of *Scholtz* are virtually identical to this case because the husband in that case (like the decedent in this case) purchased the homestead property while he was separated and living apart from his wife, and the wife in that case (like Plaintiff in this case) never lived with the husband at the homestead property.

None of the cases cited by Defendant in the motion to dismiss are contrary authority. Indeed, the primary case relied on by Defendant, *Law v. Law*, 738 So. 2d 522 (Fla. 4th DCA 1999), involved the availability of the homestead tax exemption, not the limitation on the devise of the homestead. *Accord Wells v. Haldeos*, 48 So. 3d 85 (Fla. 2d DCA 2010). The other cases cited in the motion predated the 1985 amendment to article X, section 4, on which the holding in *Scholtz* was based, *see In re Estate of Van Meter*, 214 So. 2d 639 (Fla. 2d DCA 1968); *Judd v. Schooley*, 158 So. 2d 514 (Fla. 1963); *Collins v. Collins*, 7 So. 2d 443 (Fla. 1942); *Croker v. Croker*, 51 F.2d 11 (5th Cir. 1931); involved the scope of the protection from forced sale of the homestead by creditors of the heirs to the homestead, rather than the limitation on the devise of the homestead, *see Snyder v. Davis*, 699 So. 2d 999 (Fla. 1997); or involved the transfer of the homestead by an individual who did not have

a surviving spouse or minor children, *see Lyons v. Lyons*, 155 So. 3d 1179 (Fla. 4th DCA 2014).

The Court recognizes that a surviving spouse can waive her right to the homestead protections in article X, section 4(c) in an antenuptial agreement, *see City Nat'l Bank of Fla. v. Tescher*, 578 So. 2d 701 (Fla. 1991); §732.702, Fla. Stat., and that Defendant raised waiver as an affirmative defense in her answer, *see* Doc. 13 at 19, 20 (second and sixth affirmative defense). However, Defendant did not seek dismissal on that ground and a complaint is not required to negate an affirmative defense to withstand a motion to dismiss. *See Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 976 (11th Cir. 2015) (quoting *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)).

Accordingly, for the reasons stated above, it is **ORDERED** that:

1. Defendant's motion to dismiss Count I (Doc. 11) is **DENIED**.

2. Defendant has 14 days from the date of this Order to answer Count I of the complaint. *See* Fed. R. Civ. P. 12(a)(4)(A).

**DONE and ORDERED** this 3rd day of March, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**