UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LORRAINE M. PADAVAN,**

    **Plaintiff**,

v.

                                                                **Case No. 3:25cv34-TKW-HTC**

**LINDA L. NAUGLE**, individually,
and as Trustee of the Leonard J.
Padavan and Linda L. Naugle
Revocable Trust**,**

    **Defendant**.

_____/

## **ORDER DENYING MOTION TO STRIKE**

This case is before the Court based on Defendant's motion to strike (Doc. 12) and Plaintiff's response in opposition (Doc. 18). Upon due consideration of these filings and the entire case file, the Court finds that the motion is due to be denied.

### **Background**

Plaintiff is the widow of Leonard J. Padavan ("the decedent"). She alleges that Defendant used fraud, coercion, and undue influence to drain the decedent's bank account, make herself the pay-on-death beneficiary of the decedent's investment accounts, and transfer the decedent's homestead to a trust that she controlled and was presumably the beneficiary of. Defendant denies Plaintiff's claims and contends that the decedent wanted her to have his money and property

because it was "[her] – not the Plaintiff – who cared for and attended to the decedent's needs in his waning years … and during his final illness and death."

In January 2025, two months after the decedent's death, Plaintiff filed a five-count[1] complaint against Defendant seeking to recover the money and property that Defendant obtained from the decedent through her allegedly improper actions. Defendant responded to the complaint with a motion to dismiss Count I (Doc. 11); an answer (Doc. 13) denying the claims in Counts II through VI and asserting various affirmative defenses; and a motion to strike (Doc. 12) paragraph 33, paragraph 67, and the title of section VI of the complaint ("the challenged paragraphs").[2]

The Court denied the motion to dismiss in a prior order. *See* Doc. 14. That order deferred consideration of the motion to strike until Plaintiff responded to it.

---

[1] The first count is Count I and the last count is Count VI, but the complaint does not include a Count III.

[2] Paragraph 33 alleges: "As noted above, as [the decedent] became sicker, weaker and his mentally acuity declined, [Defendant] interjected herself into [the decedent]'s life in an attempt to take over his finances. The history of [Defendant]'s entrance into [the decedent]'s life is important to fully understand the extent of her taking control of [the decedent]'s assets and her ultimate role in [the decedent]'s death."

Paragraph 67 alleges: "The foregoing actions of [Defendant] evidence a plan and scheme by [Plaintiff] and Kevin the landscaper to hasten the death of [the decedent] because [Plaintiff] had apparently taken control of all of the assets [the decedent] owned that he intended to leave to [Defendant] and their respective children and believed she would take title to those assets when [the decedent] died."

Section VI of the complaint is titled: "[Defendant]'s absconding with [the decedent]'s assets and hastening [the decedent]'s death."

*Id.* at 1 n.1. The motion to strike is now fully briefed and is ripe for a ruling. No hearing is needed to rule on the motion.

## Analysis

Defendant argues that the challenged paragraphs should be stricken because they "indulge an immaterial, impertinent, and scandalous accusation that Defendant intentionally and calculatedly sought the decedent's harm to 'hasten his death.'" Plaintiff responds that the challenged paragraphs "concern the circumstances surrounding [the decedent]'s death, which are wholly relevant and inseparable from [Plaintiff]'s claims in her Complaint." The Court agrees with Plaintiff.

Under Fed. R. Civ. P. 12(f), the Court may "strike from a pleading ... any … immaterial, impertinent, or scandalous matter." However, "a motion to strike is considered a drastic remedy and is disfavored by the courts [so] a Rule 12(f) motion should be granted only if the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Jolly v. Hoegh Autoliners Shipping AS*, 546 F. Supp. 3d 1105, 1120 (M.D. Fla. 2021) (internal quotations and citation omitted); *see also Somerset Pharms., Inc. v. Kimball*, 168 F.R.D. 69, 71 (M.D. Fla. 1996) (noting that motions to strike are generally considered to be "time wasters").

Here, the Court sees nothing immaterial, impertinent, or scandalous in paragraph 33 of the complaint. Indeed, the allegations in that paragraph are directly relevant to Plaintiff's claim that Defendant exerted undue influence on the decedent.

Likewise, with respect to paragraph 67 and the title to section VI of the complaint, the Court is not persuaded that the allegation that Defendant sought to "hasten the decedent's death" has no possible relationship to the claims in this case. Indeed, if it turns out that Defendant delayed or withheld necessary medical care from the decedent (as other allegations that Defendant does not seek to strike claim that she did, *see, e.g.,* Doc. 1 at ¶¶48, 56-58, 63, 69, 70),[3] that could show that Defendant was using her power of attorney and position as decedent's health care surrogate to act in her own self-interest, not the decedent's interest, and that she was more interested in getting the decedent's money and property than she was in keeping the decedent alive and well and in regular contact with his family. That, in turn, would provide support for Plaintiff's claims that Defendant defrauded the decedent and exerted undue influence over his financial affairs for her own pecuniary benefit.

---

[3] The complaint also alleges that the decedent was found to have died from "blunt force trauma to the head" and that the "circumstances surrounding [his] death have yet to be determined," Doc. 1 at ¶76, but the complaint does not specifically allege that Defendant killed the decedent or had him killed. Thus, at this point, Florida's "slayer statute," §732.802, Fla. Stat., does not appear to be implicated.

4

The Court did not overlook Defendant's argument that the challenged paragraphs "falsely impugn [her] character and reputation without due remedy for the offense." However, that argument is not persuasive because "[a] pleading is not considered scandalous just because it offends the objecting party or casts them in a bad light." *GS Holistic, LLC v. A1 Smoke Shop of Fla., Inc.*, 2023 WL 6375960, at *2 (N.D. Fla. Jan. 30, 2023). Moreover, because it appears that Defendant's defense to Plaintiff's claims is that the decedent wanted her (rather than Plaintiff) to have his money and property in appreciation for the care and companionship that she (rather than Plaintiff) provided him in the last years of his life, Defendant will have an opportunity in the normal course of defending this suit to present evidence rebutting the alleged attack on her character and reputation.

## Conclusion

In sum, for the reasons stated above, it is **ORDERED** that Defendant's motion to strike (Doc. 12) is **DENIED**.

**DONE and ORDERED** this 12th day of March, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**

5