UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LORRAINE M. PADAVAN,**

    **Plaintiff**,

v.

**LINDA L. NAUGLE**, individually,
and as Trustee of the Leonard J.
Padavan and Linda L. Naugle
Revocable Trust**,**

    **Defendant**.
_____/

Case No. 3:25cv34-TKW-HTC

## ORDER DENYING RECONSIDERATION AND EXTENDING STAY

This case is before the Court based on Defendant's motion for reconsideration (Doc. 36) and motion to stay (Doc. 37). Both motions are opposed by Plaintiff.

The Court sees no need for a response to the motion for reconsideration because (1) even though the argument is couched in slightly different terms, it is essentially re-argument of points that the Court has fully considered and (rightly or wrongly) rejected twice already and (2) the Court finds the argument no more persuasive now than it did before. Thus, whether the Court has plenary authority to reconsider the partial summary judgment under Rule 54(b) or whether the more restrictive standards in Rule 59(e) or 60(b) apply, the Court sees no reason to reconsider the partial summary judgment or the order on which it was based.

The Court will hold the motion to stay for a response because it presents a compelling argument for staying the partial summary judgment pending appeal. Indeed, although the Court will keep an open mind until Plaintiff files her response, the Court remains inclined at this point to stay the partial summary judgment pending appeal if Defendant posts appropriate security—such as rental payments to an escrow agent. The Court will hold a hearing on the motion if the parties are unable to reach an agreement on a stay and/or appropriate security.

Accordingly, it is **ORDERED** that:

1. Defendant's motion for reconsideration (Doc. 36) is **DENIED**.

2. The previously imposed stay of the partial final judgment remains in effect pending disposition of Defendant's motion to stay.

3. Plaintiff shall respond to the motion to stay within the time prescribed by Local Rule 7.1(E).

4. The parties shall coordinate with the Court's law clerk to schedule a hearing on the motion to stay as soon as practicable if they are unable to agree upon the disposition of the motion and/or appropriate security for a stay.

**DONE and ORDERED** this 12th day of May, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**