UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**LORRAINE M. PADAVAN,**

    **Plaintiff**,

v.

                                          Case No. 3:25cv34-TKW-HTC

**LINDA L. NAUGLE**, individually,
and as Trustee of the Leonard J.
Padavan and Linda L. Naugle
Revocable Trust**,**

    **Defendant**.

_____/

## ORDER DENYING STAY PENDING APPEAL

The Court entered partial summary judgment in favor of Plaintiff, invalidating the deed pursuant to which Defendant is occupying the former homestead of Plaintiff's deceased husband ("the Halcyon Circle property"). *See* Docs. 34, 35. Defendant appealed the judgment to the Eleventh Circuit and moved to stay the judgment pending appeal. *See* Docs. 37, 42. Plaintiff opposes a stay. *See* Doc. 41. The Court held an evidentiary hearing on the motion on June 12, 2025, and orally denied the motion at the conclusion of the hearing. This Order memorializes that ruling.

When ruling on a motion for a stay pending appeal, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed

on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *League of Women Voters of Fla., Inc. v. Fla. Sec'y of State*, 32 F.4th 1363, 1370 (11th Cir. 2022) (quoting *Nken v. Holder*, 556 U.S. 418, 425-26 (2009)). "The first two factors ... are the most critical," *Nken*, 556 U.S. at 434, but the first factor is "relax[ed]" "[w]here the balance of equities identified in the second, third, and fourth factors weighs heavily in favor of granting the stay," *Florida v. United States*, 2023 WL 3813774, at *5 (11th Cir. June 5, 2023).

Here, the first factor weighs against a stay. As the Court has thrice explained, *see* Docs. 14, 34, 38, the deed conveying the Halcyon Circle property is invalid under the plain language of article X, section 4(c) of the Florida Constitution and the Florida cases construing that provision. The argument in the motion to stay does not persuade the Court that the Eleventh Circuit is likely to reverse the partial summary judgment, much less make a "strong showing" that the judgment will be reversed.

The second factor weighs in favor of a stay because "irreparable injury is suffered when one is wrongfully ejected from his home." *Johnson v. U.S. Dep't of Agriculture*, 734 F.2d 774, 789 (11th Cir. 1984); *see also* Doc. 34 at 14 n.8 (expressing concern that the "enforcement of the . . . judgment will result in Defendant being removed from the home in which she has lived for several years").

2

However, in this case, the Court gives this factor little weight because the evidence belies Defendant's contention that the Halcyon Circle property has been her "home" since at least November 2023. Indeed, Defendant's testimony that she lived exclusively and continuously at the Halcyon Circle property before the death of Plaintiff's husband in November 2024 was not persuasive at all; Defendant did not apply for a homestead exemption on the property after the death of Plaintiff's husband; she still has a New York driver's license despite claiming to have been a Florida resident since at least November 2023; she is still married and routinely traveled to New York to stay with her husband in their home; and she owned the home in New York with her husband until she very recently transferred to him for nothing. The evidence further establishes that Defendant will not be "homeless" if a stay is denied and she is required to vacate the Halcyon Circle property before the appeal of the partial summary judgment is resolved. Indeed, putting aside the fact that Defendant would have had a place to live in New York had she not transferred her New York home to her husband after the partial summary judgment was entered, she recently purchased two houses on the same street as the Halcyon Circle property that she is letting her family members live in rent-free, and she inherited substantial funds from Plaintiff's husband that she could use to live elsewhere if necessary. *See, e.g., Cano v. 245 C & C, LLC*, 2019 WL 11769097, at *8 (S.D. Fla. June 25, 2019) (finding a tenant's injury was not "irreparable" because he did not allege that, if

evicted, he would be unable to find any alternate housing option or that he could not otherwise be compensated monetarily); *Cohen v. Monroe Cnty.*, 2018 WL 11476499, at *2 (S.D. Fla. Sept. 20, 2018) (finding no irreparable harm to warrant a stay of injunction requiring plaintiffs to sell their property when plaintiffs owned a second home); *cf. Badri v. Mobile Hous. Bd.*, 2011 WL 3665340, at *3 (S.D. Ala. Aug. 22, 2011) (finding a 62-year-old disabled individual living in Section 8 housing would be irreparably injured if he was removed from his home and had to live, even temporarily, in "inadequate" and "health endangering accommodations").

The third factor is neutral. Although a stay will prevent Plaintiff from immediately possessing or monetizing the Halcyon Circle property, she had essentially no connection to the property before her husband's death and she had (and still has) her own home in another state. Additionally, if a stay is imposed, the harm that Plaintiff claims that she will suffer can be ameliorated by requiring Plaintiff to post appropriate security.

The fourth factor is neutral to weighing slightly against a stay. The public interest weighs strongly in favor of preserving the surviving spouse's interest in homestead property, *see Reinish v. Clark*, 765 So. 2d 197, 206-07 (Fla. 1st DCA 2000) (quoting *Bigelow v. Dunphe*, 197 So. 328, 330 (Fla. 1940)), but that interest carries less weight here because the Halcyon Circle property was never Plaintiff and her husband's "family homestead" and they maintained separate homesteads before

and after he purchased that property. *See In re Estate of Sholtz*, 543 So. 2d 219, 221-22 (Fla. 1989) (McDonald, J., specially concurring); *id.* at 222 (Erlich, C.J., dissenting).

On balance, the Court finds that the one factor that weighs in favor of a stay is outweighed by the other factors that weigh against a stay. Thus, it follows that Defendant has not met her burden to show that a stay pending appeal is warranted.

That said, for sake of completeness, if the Court had determined that a stay was warranted, the stay would have been conditioned under Fed. R. Civ. P. 62(b) on:

(1)  Defendant's payment into escrow of $24,600 in past-due rent for the period of January 1 to June 30, 2025;

(2)  Defendant's payment of $4,100 per month in rent into escrow on the first day of every month starting on July 1, 2025;

(3)  a requirement that Defendant cooperate with Plaintiff to secure appropriate insurance on the property at Plaintiff's expense; and

(4)  the conditions set forth in paragraphs 24, 25, 27, and 28 of Plaintiff's response to the motion to stay, except that inspections will be no more frequent than quarterly without leave of court and the prohibition on removal of items from the property is limited to appliances or fixtures.

Those conditions (most of which were agreed to by Defendant) are reasonable and necessary to secure Plaintiff against any loss resulting from her inability to immediately possess the Halcyon Circle property and to ensure that the property is protected from neglect and waste. *See generally Alliant Tax Credit 31, Inc v. Murphy*, 924 F.3d 1134, 1141 (11th Cir. 2019) (explaining that a purpose of requiring security under Rule 62(b) is to "secure[] the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal" (quoting *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979))).

Accordingly, for the reasons stated on the record at the evidentiary hearing and summarized above, it is **ORDERED** that Defendant's motion to stay the partial summary judgment pending appeal (Doc. 37) is **DENIED**.

Additionally, as discussed at the conclusion of the hearing, it is **FURTHER ORDERED** that Defendant shall vacate the Halcyon Circle property either (a) 30 days from the date of this Order, or (b) if Defendant seeks review of this Order and/or a stay of the partial summary judgment from the Eleventh Circuit, 30 days after the Eleventh Circuit affirms this Order and/or denies the stay, whichever is later.

**DONE and ORDERED** this 12th day of June, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**