## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**LORRAINE M. PADAVAN,**

  **Plaintiff**,

**v.**                                                    **Case No. 3:25cv34-TKW-HTC**

**LINDA L. NAUGLE**, individually,
and as Trustee of the Leonard J.
Padavan and Linda L. Naugle
Revocable Trust**,**

  **Defendant**.
_____/

## <u>ORDER</u>

I have served as a judge for over 23 years.  I have never had to write an order like this, and I never dreamed that I would have to do so.  But, unfortunately, I do.

Yesterday morning, I held a hearing on Defendant's motion to stay.  The hearing was uneventful and concluded around 12:45 p.m.  Then, at 1:00 p.m., I had a criminal sentencing hearing in the same courtroom.  That hearing too was uneventful—or so I thought.

After the sentencing hearing, I was informed that the Assistant United States Attorney (AUSA) who was sitting in the chair in which Plaintiff sat during the morning hearing got gum on her skirt when she brushed her leg against the underside

of counsel's table.  It was at that point that court staff determined that chewed gum had been stuck under the table.

The fact that there was chewed gum stuck under the table was absolutely disgusting.  It also reflected a contempt/disrespect for the Court and court facilities that could not simply be ignored.

The gum that was not stuck to the AUSA's skirt was still stuck to and hanging down from the table after the incident.  *See* Doc. 51 at 3 (post-incident picture).  The court custodial staff then had the unenviable task of removing the remainder of the gum from the table, which they dutifully did.

Court staff and I inferred that the gum had to have been stuck under the table at some point during the morning hearing because there had been no hearings in that courtroom since Tuesday, and the gum was still fresh and stringy.  Thus, to get to the bottom of the incident, I ordered Plaintiff to "file a notice identifying who stuck the chewed gum under the table and show cause why the Court should not impose appropriate sanctions on the person who did so."  *Id.* at 2.

In response, Plaintiff submitted a letter admitting that she placed the gum under the table and "sincerely apologiz[ing]" for her actions.  *See* Doc. 54 at 4.  She also offered to pay for any damages caused by her actions.  *Id.*

I appreciate Plaintiff's candor in admitting to what she did and her contrition for her actions.[1]  Her letter will be forwarded to the affected AUSA so she can decide whether she wants a personal apology from Plaintiff and/or reimbursement for having to have her skirt drycleaned.

I accept the assurance provided by Plaintiff's counsel on behalf of himself and Plaintiff that "nothing like this will happen again," *id.* at 3, and based on that assurance, I see no need to impose additional sanctions.[2]  A simple admonishment will suffice.

Accordingly, it is **ORDERED** that:

1.    The Order to Show Cause (Doc. 51) is **DISCHARGED** with the admonishment that what Plaintiff did by sticking her chewed gum under a courtroom table was inappropriate and unacceptable and had better not happen again.

2.    The Clerk shall send a copy of this Order and Plaintiff's letter to the affected AUSA.

---

[1]  Things would have been considerably worse for Plaintiff had she not admitted it because the courtroom security video clearly shows her placing the gum under the table.

[2]  That said, if anything like this happens again, I will come up with sanctions that are commensurate with the schoolchild-nature of the violation—maybe sitting in the courtroom under the supervision of a court security officer handwriting "I will not stick my gum under a courtroom table again" 100 times on notebook paper; an afternoon of helping the court custodial staff clean the courtroom and adjacent public areas; and/or a couple hours of scraping gum off the sidewalk in front of the courthouse.

**DONE and ORDERED** this 13th day of June, 2025.

**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**